JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS HADDAD, an individual;<br><br>Plaintiff,<br><br>v.<br><br>BMW NORTH AMERICA, LLC, a limited liability company; and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. 2:18-cv-02390-AB (RAOx)<br><br>**ORDER REMANDING CASE** |

Before the Court is BMW of North America, LLC's ("Defendant") Response to the Court's Order To Show Cause Why This Case Should Not Be Dismissed For Lack Of Subject Matter Jurisdiction. (Dkt. No. 14.) Nicholas Haddad ("Plaintiff") filed a Response to Defendant's Response. (Dkt. No. 18.) Having considered the documents filed, and for the reasons indicated below, the Court **REMANDS** this matter.

**I.    BACKGROUND**

This case arises out of three alleged breach of contract claims regarding a 36-month lease of a new 2015 BMW 528i ("Vehicle"). (Dkt. No. 1-1 ("Compl.").) Plaintiff is a resident of Los Angeles, California, and Defendant is a corporation

1.

organized and existing under the laws of Delaware and transacting business in California. (Compl. ¶ 2.) Plaintiff alleges that he purchased the Vehicle on or about November 28, 2015 in Los Angeles, and that Defendant provided an express written warranty relating to the Vehicle. (Compl. ¶¶ 5, 8.) Plaintiff alleges that at the time the Vehicle was delivered to him, the Vehicle was not in a merchantable condition, was not safe, and did not conform to the quality and safety guidelines reasonably expected of a motor vehicle. (Compl. ¶ 9.) Accordingly, Plaintiff alleges three causes of action: breach of implied warranty, breach of express warranty, and violation of the Song Beverly Consumer Warranty Act.

Plaintiff filed his Complaint in the Superior Court of California on February 16, 2018. (Compl.) On March 23, 2018 Defendant timely filed its Notice of Removal to this Court based on diversity jurisdiction. (Dkt. Nos. 1, 5.) To support the amount in controversy requirement, Defendant relies on the following: (1) the manufacturer's suggested Vehicle retail price of $52,970.00; (2) Plaintiff's pursuit of relief under the Song-Beverly Act, which allows recovery of a civil penalty of up to two times the amount of actual damages, totaling $105,940.00; and (3) Plaintiff's request of incidental and consequential damages, a civil penalty according to proof, costs of suit, reasonable attorneys' fees, and other relief the court deems proper. (Dkt. No. 1 at 4–6.)

On May 14, 2018 the Court issued an Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction. (Dkt. No. 14.) On May 23, 2018 Defendant filed a response to the Order (Dkt. No. 17), and on May 25, 2018 Plaintiff filed a reply to Defendant's Response (Dkt. No. 18).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had

original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Section 1332(a), in turn, provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a).

The amount in controversy, for purposes of diversity jurisdiction, is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (*quoting Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Martinez v. Los Angeles World Airports*, No. CV 14-9128 PA PLAX 2014 WL 6851440, at *2 (C.D. Cal. Dec. 2, 2014). The removing party does not need to prove actual facts but rather need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S.Ct. 547, 554 (2014); Fed. R. Civ. P. 8(a). Where the plaintiff contests

the defendants' allegations, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Owens*, 135 S.Ct. at 554.

### III. DISCUSSION

The parties do not dispute that they are citizens of different states, as required by section 1332(a). Therefore, the only issue before the Court is whether Defendant demonstrated that the amount in controversy exceeds $75,000. Plaintiff seeks damages for "[i]ncidental and consequential damages in an amount to be proved at trial; [r]escission of the lease of the vehicle; [r]easonable attorney's fees according to proof; [a] civil penalty according to proof; [c]osts of suit; and [o]ther relief the court deems proper." (Compl. at 5–6.)

#### A. The Amount In Controversy Does Not Exceed The Requisite Amount Of $75,000.

##### a. Lease Reimbursement

Plaintiff seeks reimbursement for the costs of leasing, financing, and owning the Vehicle. (Compl. ¶¶ 18, 25, 35.)

> California Civil Code § 1793.2(d)(2)(B) provides that the measure of damages in an action such as this one includes restitution "in an amount equal to the purchase price paid or payable by the buyer," reduced by that amount "directly attributable to use by the buyer" prior to delivery of the vehicle back to the dealer for correction of the problem that gave rise to the nonconformity with the warranty.

*Garcia v. FCA US, LLC*, No. 1:16-cv-00730-DAD-BAM, 2016 WL 4445337, at *3 (E.D. Cal. Aug. 24, 2016). Therefore, the amount owed to Plaintiff, should he prevail, would be the amount paid to date less the amount directly attributable to use (as measured by miles driven) prior to the first repair (or attempted repair) of the problem. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1007 (N.D. Cal. 2002); *Alvarado v. Fca US, LLC*, No. EDCV 17–505 JGBDTBX, 2017 WL 2495495, at *4 (C.D. Cal. June 8, 2017). The set-off amount is determined by multiplying the

"actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer delivered the vehicle" for correction of the problem. *Brady,* 243 F. Supp. 2d at 1007 (*quoting* Cal. Civ. Code § 1793.2(d)(2)(C)).

As of this lawsuit's filing, Plaintiff has placed a down payment of $4659.01 and has paid $13,958.70 in monthly payments, amounting to $18,617.71. (*See* Dkt. No. 18 at 4.) To calculate the amount attributable to Plaintiff's use, the full purchase price of the Vehicle—$52,970—is multiplied by a fraction with the miles driven by Plaintiff prior to bringing the car in for service—28,740—in the numerator, and the presumptive miles in the life expectancy of a new car—120,000—in the denominator; totaling $12,686.32. (*See* Dkt. No. 18 at 2.) Therefore, the repurchase price of the vehicle, should Plaintiff prevail, is $5931.39.

### b. Song-Beverly Act

Plaintiff also seeks to recover a civil penalty under the Song-Beverly Act. (*See* Dkt. No. 1-1 ¶ 26–35.) The amount recoverable under the Song-Beverly Act is up to two times the amount of actual damages Plaintiff suffered. *Brady,* 243 F. Supp. at 1009. Therefore, in the instant case, the amount recoverable under the Song-Beverly Act would be $11,862.78. Up to this point, the amount in controversy is $17,794.17.

### c. Relief From Future Payments

As it pertains to the remaining six monthly payments, Plaintiff would be relieved from paying $2791.74 should he prevail on his claim. (*See* Dkt. No. 18 at 4.) This amount is included in calculating the amount in controversy. *Brady,* 234 F. Supp. at 1010 (citing *Glenwood Light and Water Co. v. Mutual Light, Heat and Power Co.*, 239 U.S. 121, 125-26 (1915)). The relief from future payments coupled with the monetary damages potentially recoverable under the Song-Beverly Act results in an amount totaling $20,585.91.

Even if Defendant accurately determined Plaintiff would have had to pay the

| 1 | additional $10,500 for an excess mileage charge, this would bring the amount in
| 2 | controversy to only $31,085.91.

### d. Attorney's Fees and Costs of Suit

Additionally, Plaintiff seeks reasonable attorney's fees and costs of suit. (Compl. at 3–6.) An award of attorney's fees may be considered in tabulating the amount in controversy. *Alvarado*, 2017 WL 2495495, at *4. Here, to meet the requisite $75,000, the amount in attorney's fees and costs would need to be more than $43,914.09. Ninth Circuit district courts are split on whether a calculation of attorney's fees is to include only those incurred up to the removal or those that will likely be incurred should the case proceed through trial. *Garcia*, 2016 WL 4445337, at *4. In its Response, Defendant cites *Gezalyan v. BMW of North America, LLC*, F. Supp. 2d 1168, 1171 (C.D. Cal. 2010), where the court granted $50,404.34 in attorney's fees in a similar Song-Beverly Act claim. (Dkt. No. 17 at 3.) However, in that case, the plaintiff presented evidence of hours worked and an hourly rate. *Gezalyan*, F. Supp. 2d at 1171. Here, neither party presents evidence of actual or anticipated attorney's fees incurred. When estimating attorney's fees for inclusion in the amount in controversy, such fees cannot be overly speculative. *Galloway v. Volkswagen Grp. of Am., Inc.*, No. CV 11-896-SVW PJWX, 2011 WL 685822, at *1 (C.D. Cal. Feb. 17, 2011). Because the amount in controversy here is approximately $40,000 less than the requisite amount, it is unlikely that Defendant will be able to prove this Court has diversity jurisdiction. *See Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (stating that the defendant's contention that attorney's fees are likely to total at least $20,000 is too speculative to support its burden of establishing jurisdiction by a preponderance of the evidence).

/ / /

/ / /

/ / /

/ / /

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that Defendant has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Therefore, the Court does not have subject matter jurisdiction pursuant to 28 U.S.C § 1447(c).  Accordingly, this matter is **REMANDED**.

**IT IS SO ORDERED.**

Dated: August 01, 2018

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE